UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PHILLIP ANDREW SHAEFFER | ) | |
| | ) | |
| v. | ) | 1:11-cv-155/1:07-cr-146 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Proceeding through counsel, federal prisoner Phillip Andrew Shaeffer ("Shaeffer") moves, pursuant to 28 U.S.C. § 2255, for post-conviction relief claiming his sentence enhancement for his prior North Carolina felony drug conviction was unjust and his sentence of imprisonment was improperly enhanced based on his North Carolina conviction being treated as a felony which is no longer permissible, in light of the United States Supreme Court decision in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) (Criminal Court File No. 491).[1]  Shaeffer argues that in light of *Carachuri-Rosendo*, his "sentence was enhanced for a 'felony drug offense' for which, under the law he was actually innocent because he was never subject to imprisonment for more than one year." (Criminal Court File No. 492, p. 14).[2]

The United States of America opposes the motion arguing that contrary to Shaeffer's contention, his claims do not rest on any "new rule" announced in *Carachuri-Rosendo*, but rather rests on the rule for determining the maximum sentence applicable to a prior offense which was

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] The North Carolina documents submitted by Shaeffer reflect a conviction for "FELONY PWISD Marijuana," Class I, Level I, and a term of imprisonment for 6 to 8 months and probation for 12 months. Notably, the documents reflect two different spelling of movants name i.e., Phillip Andre Shaffer (Criminal Court File No. 492-1, p. 2) and Phillip Andrew Schaffer (Criminal Court File No. 492-1, p. 3), neither of which match the spelling of his name in his federal proceedings.

announced by the Supreme Court, prior to Shaeffer's sentencing, in *United States v. Rodriguez*, 553 U.S. 377 (2008), and applied by the Sixth Circuit, prior to the expiration of the period for filing a timely § 2255 motion, in *United States v. Pruitt*, 545 F.3d 416 (2008).

After reviewing the record and the applicable law, the Court concludes Shaeffer's § 2255 motion will be **DENIED** as time-barred by the applicable one-year statute of limitations (Criminal Court file No. 491).

I.  **Background**

In 2008, pursuant to a plea agreement, Shaeffer was convicted of conspiring to distribute one-hundred kilograms or more of a mixture and substance containing marijuana, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(B), and 846, and to conspiracy to distribute 500 grams or more of a mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(B), and 846 (Criminal Court File No. 208). In the plea agreement, Shaeffer agreed the punishment for his offense carried a mandatory minimum sentence of ten years up to life because he had a prior felony drug conviction (Criminal Court File No. 208). After adjustments, Shaeffer's offense level was 23 and his criminal history category was III. Thus, his Guideline sentencing range was 57-71 months. Because of a prior drug conviction in North Carolina, however, he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) to a mandatory term of 120 months imprisonment on July 16, 2008 (Criminal Court File No. 331).

Shaeffer did not file a direct appeal. Thereafter followed this instant motion to vacate which was filed by counsel on June 13, 2011.

## II. Statute of Limitations

As movant recognizes, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a motion to vacate. 28 U.S.C. § 2255(f). The statute is triggered, as relevant here, on the date on which the judgment of conviction becomes final, see 28 U.S.C. § 2255(f)(1), or, based on Shaeffer's argument that *Carachuri-Rosendo* announced a new rule, on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Shaeffer's judgment of conviction was docketed on July 17, 2008, and he sought no further review. Thus, his conviction became final ten days after entry of judgment, excluding weekends, i.e. July 31, 2008. Fed.R.App.Proc. 4(b)(1) and 26(a)(2) (2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Applying section § 2255(f)(1) to the instant motion, Shaeffer would have had to file his § 2255 motion on or before July 31, 2009, to be timely. This motion is deemed to have been filed on June 13, 2011, the date Shaeffer's attorney filed the motion with the Court. Thus, under this scenario, Shaeffer filed his motion almost two years too late.

Therefore, in order for Shaeffer's motion to be timely, a new limitations period will be required. Based on his reliance on *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), Shaeffer argues the period of limitations in the instant case is provided in 28 U.S.C. § 2255(f)(3).[3]

---

[3] Title 28 U.S.C. § 2255(f) provides that the one-year period of limitation shall run from:

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review[.]

3

## III.     Title 28 U.S.C. § 2255(f)(3) is Inapplicable

The case upon which Shaeffer is relying to start a new limitations period is *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010)—a decision handed down on June 14, 2010. In *Carachuri-Rosendo*, the defendant, who was a lawful permanent resident, "faced deportation under federal law after he committed two misdemeanor drug possession offenses in Texas." *Id.* at 2580. The defendant was sentenced to 20- and 10- day jail terms. State law authorized an enhanced sentence for a recidivist simple drug possession conviction, but the State did not charge, convict, or sentence the alien as a repeat offender.

Under federal immigration law, an alien who has "been convicted of a violation of. . . any law . . . of a State . . . relating to a controlled substance" is removable. *See* Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U.S.C. 1101 et seq. , 8 U.S.C. 1227(a)(2)(B)(I). However, an alien may seek discretionary cancellation of removal, if, among other things, he has not been convicted of an aggravated felony. See 8 U.S.C. § 1229b(a)(3). An "aggravated felony" for immigration law purposes includes a state drug offense that is punishable by a term of imprisonment for more than one year, regardless of whether the offense was classified as a misdemeanor under state law. *Carachuri-Rosendo*, 130 S. Ct. at 2581.

*Carachuri-Rosendo's* second simple drug-possession conviction prompted the filing of a petition for removal. Conceding he was removable based on his controlled-substance convictions, he nonetheless argued he was eligible for discretionary relief from removal under 8 U.S.C. § 1229b(a)," *id.*, because his second Texas possession conviction had not been based on his prior conviction. Therefore he insisted the subject conviction was not an "aggravated felony." The

---

28 U.S.C. § 2255(f)(3).

4

Supreme Court identified the issue as whether "the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been "convicted" of an "aggravated felony" within the meaning of § 1229b(a)(3)." *Carachuri-Rosendo,* 130 S. Ct. at 2583. The Court ruled in favor of *Carachuri-Rosendo*, concluding that a defendant who has been convicted in state court for a subsequent simple drug- possession offense, which was not enhanced based on the fact of a prior conviction, had not been convicted of an aggravated felony under § 1101(a)(43), so as to disqualify him for cancellation of removal. *Id*. at 2589.

Here, the government points to *United States v.Rodriguez*, 553 U.S. 377 (2008) and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), to support its position, that the rule Shaeffer relies upon i.e., that a recidivist finding can only set a maximum term of imprisonment when the finding is part of the record of conviction, was first articulated in *Rodriquez* and applied by the United States Court of Appeals for the Sixth Circuit in *Pruitt*. *Pruitt*, applying *United States v.Rodriguez*, held that under North Carolina's structured sentencing scheme, the maximum sentence for an offense is limited by an offender's prior criminal history, so the maximum sentence for a particular defendant's offense hinges on his individual prior criminal history. Thus, the government argues, the grounds on which Shaeffer's § 2255 claim is based was not "initially recognized by the Supreme Court" in *Carachuri-Rosendo*, but rather, was first recognized by the Supreme Court in *Rodriguez*, which was decided on May 19, 2008, nearly two months prior to Shaeffer's sentencing.

Although the government appears to have the stronger argument, the Court need not address the government's argument as Shaeffer's reliance on *Carachuri-Rosendo* does not provide him any relief. The cases relied upon by Shaeffer applying *Carachuri-Rosendo* were decided on direct

5

appeal. However, in the posture of collateral review, as Shaeffer finds himself, he must demonstrate *Carachuri-Rosendo* identified a newly recognized right and the newly recognized right has been made retroactively applicable to cases on collateral review in order to obtain relief here. 28 U.S.C. § 2255(f)(3). Shaeffer has done neither. Specifically, the Supreme Court did not expressly state whether its ruling constituted a new right. Moreover, even if the Court assumes *Carachuri-Rosendo* recognized a new right, there is nothing to indicate, and Shaeffer has not shown, that the newly recognized rule has retroactive application to section §2255 motions. New rules of procedure generally apply to cases not yet final, *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), but, with limited exceptions, not to cases which have become final before the rule is established. *Teague v. Lane*, 489 U.S. 288, 310 (1989).

Despite an exhaustive search, the Court has not found a Supreme Court or Sixth Circuit case which holds *Carachuri-Rosendo* applies retroactively to cases on collateral review. Although the Court's research revealed the district court in the Eastern District of North Carolina has concluded *Carachuri-Rosendo* is retroactively applicable to cases on collateral review, *See, E.g., Farmer v. United States*, 2012 WL 1119920 (E.D. N.C. April 3, 2012); *Bryant v. United States*, 2012 WL 1119756 (E.D.N.C. April 3, 2012), the majority of the district court decisions are to the contrary. *See Snipes v. United States*, 2012 WL 1071190 (E.D. Tenn. March 29, 2012) (concluding *Carachuri-Rosendo* does not apply to cases on collateral review); *United States v. Warner,* 2012 WL 217309 (W.D.Va. 2012) (declining to apply *Carachuri-Rosendo* to an untimely § 2255 motion); *Gaytan-Gonzalez v. Benov*, 2012 WL 28625 (E.D. Cal. Jan. 5, 2012) (noting it found no cases finding *Carachuri-Rosendo* is a new rule of constitutional law that is retroactively applicable); *Walker v. United States,* 2011 WL 1337409 (E.D. N.C. April 7, 2007) (declining to apply

*Carachuri-Rosendo* on collateral review but granted a certificate of appealability); *United States v. Rodriguez-Mendez*, 2011 WL 3799943 (D. Neb. Aug. 29, 2011) (finding Eighth Circuit had not determine whether *Carachuri-Rosendo* was retroactively applicable to cases on collateral review and issuing a certificate of appealability on that issue). In the absence of any Supreme Court or Sixth Circuit case law supporting such a position, the Court declines to find that any rule established in *Carachuri-Rosendo* is a new procedural rule which applies retroactively to this section 2255 motion.

In summary, under § 2255(f)(3), the statute of limitations starts only upon the initial recognition of a right made retroactively applicable to cases on collateral review by the Supreme Court, who has the power to determine whether *Carachuri-Rosendo* is retroactively applicable to cases on collateral review. The Court's research did not reveal, nor has Shaeffer cited, any binding authority from the Sixth Circuit Court of Appeals or the United States Supreme Court holding that *Carachuri-Rosendo* should be applied retroactively. Accordingly, the timeliness of Shaeffer's § 2255 motion is governed by § 2255(f)(1) and, therefore, is time-barred.

**IV. Conclusion**

Shaeffer's § 2255 motion is untimely because it was filed after the expiration of the one-year statute of limitations in § 2255(f)(1) and the motion is not rescued by a new one-year limitations period in § 2255(f)(3) triggered by the Supreme Court's issuance of *Carachuri-Rosendo*, as that case has not been made retroactively applicable to cases on collateral review. Shaeffer's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 491).

A separate order will enter dismissing this motion as time-barred and **DIRECTING** the Clerk to close the case.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**